```
            IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                               *
BL SERVICES, INC.,
LEROY JACKSON and              *
BERNADETTE JACKSON             *
                               *
                               *
     Plaintiffs,
                               *
v.                             *    CIVIL NO.: WDQ-05-3284

SUPER LAUNDRY EQUIPMENT        *
CORP.                          *
                               *
                               *
     Defendant.                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

On November 7, 2005, the Plaintiffs sued Super Laundry Equipment Corporation in the Circuit Court for Baltimore County for breach of contract, breach of warranty and misrepresentation. *See* Civ. No. 03-C-05-11684.  The case was removed to this Court. *See* 12/8/05 Order.

On January 23, 2006, the Plaintiffs filed a motion for voluntary dismissal without prejudice.  In response, the Defendant sought dismissal with prejudice and filed a motion for sanctions.

As the response gave notice that a dismissal with prejudice was sought, the Court treated the response as a motion to dismiss. *See Hobbs v. Kroger Co.*, No. 98-1831, 1999 U.S. App. LEXIS 5029, slip. op. at *5 (4th Cir.  Mar. 23, 1999) (plaintiff had

notice of possibility of dismissal with prejudice when defendant raised argument in its response). For the following reasons, the Plaintiffs' motion to dismiss without prejudice and the Defendant's motion for sanctions will be denied, and the dismissal with prejudice will be granted.

## ANALYSIS

A.      Motion for Voluntary Dismissal

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may move for dismissal without prejudice.  A motion to dismiss without prejudice is committed to the sound discretion of the district court.  *See Kyte v. College of S. Md.,* No. DKC 2003-2558, 2005 U.S. Dist. LEXIS 2516, at* 1 (D.Md. Feb. 18, 2005). One factor that the Court may consider is the Plaintiffs' reason for dismissal. *See id.* at *3.

The Plaintiffs contend that dismissal is appropriate because their "law suit was prematurely filed." *See* Mot. Dism. at ¶7.  Plaintiffs aver "that sufficient investigations and inquiry have not been completed to determine if a lawsuit is appropriate in this case". *See id.* at ¶6.  Plaintiffs have requested the opportunity to investigate and proceed "*if and only if* it becomes necessary." *See* Resp. Mot. for Sanctions at ¶8 (Emphasis added).

Notwithstanding the mischaracterization of the Complaint as "preliminary", Plaintiffs offer no explanation for the failure to investigate their claims before suit was filed.  Rule 41(a)(2)

2

is not available for the Plaintiffs to determine whether they have valid claims. *See Carroll v. Litton Systems*, No. 92-92219, 1995 WL 56862, slip. op. at *9 (4th Cir. Feb. 1, 1995)("Plaintiffs asked to have their action dismissed without prejudice largely because they had filed it without adequate preparation and wanted to file it anew after the necessary preparation was complete. This is not a proper ground for voluntary dismissal without prejudice.").

As the Complaint admittedly contains unsubstantiated allegations, the Defendant requested dismissal with prejudice. Because the Plaintiffs had prior notice and the opportunity to oppose Defendant's request, a dismissal with prejudice is appropriate. *See Andes v. Versant Corp.,* 788 F.2d 1033, 1037 (4th Cir. 1986). Accordingly, dismissal with prejudice will be granted.

B.      Motion for Sanctions

The Defendant requests Rule 11 sanctions for opposing counsel's failure to conduct a pre-filing investigation of the Complaint.

When cases are removed to federal court, the Court may impose sanctions only in connection with papers filed post removal. *See Coates v. UPS, Inc.*, 933 F.Supp. 497, 498 (D.Md. 1996). As the Complaint was filed in state court, the Court may not impose sanctions.  *See id.* (federal courts lack authority to sanction an attorney under Rule 11 for filings made under procedural rules of state forum).  Accordingly, the Defendant's motion for sanctions will be denied.

3

CONCLUSION

For the reasons discussed above, the Plaintiffs' motion to dismiss without prejudice and the Defendant's motion for sanctions will be denied; dismissal with prejudice will be granted.



<u>March 23, 2006</u>                     <u>         /s/               </u>
Date                                 William D. Quarles, Jr.
                                     United States District Judge